UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTELLE THOMAS,<br><br>                 Petitioner,<br><br>    vs.<br><br>SUPERINTENDENT, Clinton Correctional Facility,<br><br>                 Respondent. | No. 9:07-cv-00374-JKS<br><br>MEMORANDUM DECISION |

       Petitioner Aristelle Thomas, a state prisoner appearing *pro se*, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner is currently in the custody of the New York State Department of Corrections incarcerated at the Clinton Correctional Facility.  Petitioner is currently serving a sentence of 17 years, followed by 5 years of supervised release, following his conviction on a guilty plea to Assault in the First Degree (N.Y. Pen. Law § 120.10(1)) in the Albany County Supreme Court.  Respondent has filed his response; Petitioner has not filed a traverse.

       Petitioner timely appealed his conviction to the Appellate Division, Third Department, which affirmed his conviction on January 12, 2006, and the New York Court of Appeals denied leave to appeal on April 10, 2006.  *People v. Thomas*, 806 N.Y.S.2d 800 (N.Y.A.D.), *lv. denied*, 849 N.E.2d 759 (Table) (2006).  Petitioner timely filed his petition in this Court on April 3, 2007.

       Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or  "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard). In applying this standard, this Court reviews the last reasoned decision by the state court, *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir.2000), which in this case was that of the New York Appellate Division, Third Department, affirming his conviction. In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

   To the extent that Petitioner alleges errors of state law, they are beyond the purview of this Court in deciding a petition for federal habeas corpus relief. This Court may only address violations of federal law. 28 U.S.C. § 2254(d); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations and internal quotation marks omitted). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). It is also presumed that the state court knew and correctly applied state law. *See Walton v. Arizona,* 497 U.S. 639, 653 (1990) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

   In his Petition before this Court Petitioner raises what appears to be four grounds: (1) Petitioner should have been permitted to withdraw his guilty plea; (2) Petitioner was denied effective assistance of counsel; (3) Petitioner was coerced into making a guilty plea; and (4) the trial court abused its discretion by withholding exculpatory evidence and giving false evidence. Respondent concedes that Petitioner has exhausted his state court remedies.

   Petitioner pleaded guilty to the violent felony of assault in the first degree in full satisfaction of a six-count indictment and was sentenced as a second felony offender to a prison term of 17 years with 5 years of post-release supervision. Prior to sentencing, defendant sought to withdraw his plea, claiming that despite being innocent, he was pressured to enter his plea by the "whole court system." Following a hearing, the motion was denied.

Ground 1:  Withdrawal of Guilty Plea.

Petitioner contends that he did not have a full understanding of the consequences of his plea and that it was not entered voluntarily and intelligently.  In rejecting Petitioner's position, the Appellate Division held (806 N.Y.S.2d at 801) (citations omitted):

> Whether to allow a defendant to withdraw his guilty plea is a matter committed to the discretion of the trial court. " 'Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement.' "  Furthermore, " '[w]here a defendant has been fully informed of the rights he is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea.' "
>
> Prior to entry of his plea, defendant engaged in a colloquy with Supreme Court in which he freely and voluntarily admitted the facts underlying the crime to which he intended to plead guilty, acknowledged and waived his constitutional rights, and acknowledged his complete satisfaction with his present attorney, although he expressed some dissatisfaction with his prior attorney.  Under these circumstances, we discern no abuse of Supreme Court's discretion in denying defendant's motion to withdraw his guilty plea, particularly in view of defendant's failure to point to any evidentiary support for his protestation of innocence.

Petitioner faces a high hurdle in seeking to overturn a guilty plea on collateral review.  As the Supreme Court held in *Mabry v. Johnson*, 467 U.S. 504, 508–09 (1984):

> It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.  It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.  It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired.  *In Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), we stated the applicable standard:
>
> " '[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).' "

In *Iowa v. Tovar*, 541 U.S. 77, 92 (2004), the Court explained:

> This Court recently explained, in reversing a lower court determination that a guilty plea was not voluntary: "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances- even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (emphasis in original). We similarly observed in *Patterson:* "If [the defendant] ... lacked a full and complete appreciation of all of the consequences flowing from his waiver, it does not defeat the State's showing that the information it provided to him satisfied the constitutional minimum." 487 U.S., at 294, 108 S.Ct. 2389 (internal quotation marks omitted).

The transcript of the plea colloquy supports the findings and decision of the Appellate Division. As the Supreme Court stated in *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977), citing *Machibroda v. United States*, 368 U.S. 487, 495–96 (1962):

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Although Petitioner now asserts his innocence, his *post hoc* assertion is outweighed by the sworn testimony that he did in fact commit the crime to which he pled guilty. The transcript also shows that he was fully and completely informed of the consequences of his plea, including the sentence that he would, and did, receive. On the record before it, this Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Lockyer–Williams*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. Petitioner is not entitled to relief on his first ground.

Ground 2:  Ineffective Assistance of Counsel.

Petitioner argues that he was denied effective assistance of counsel when counsel failed to challenge Petitioner's prior felony conviction.  To demonstrate ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*.  Petitioner must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

In rejecting Petitioner's claim, the Appellate Division held (806 N.Y.S.2d at 802):

> Defendant's assertion that he was improperly sentenced as a second felony offender is predicated on his claim that he did not serve in excess of one year on the prior felony conviction.  The statute, however, only requires that the conviction be one for which a sentence in excess of one year may be imposed (*see* Penal Law § 70.06[1][a]).  Defendant's prior conviction for attempted assault in the second degree is in this category.  Thus, not only is this argument meritless, defendant's related argument that his last counsel was ineffective for failing to object to his being sentenced as a second felony offender is also meritless.

Petitioner has failed to show that the performance of counsel was deficient, thus failing the first *Strickland* prong.  On the record before it, this Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Lockyer–Williams*; *i.e*., the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Petitioner is not entitled to relief on his second ground.

Ground 3:  Petitioner was Coerced.

Petition argues that he was coerced into making an unintelligent, unknowing, and involuntary plea.  The trial court, in denying Petitioner's motion to withdraw his plea, held:

THE COURT:  The defendant makes this application pursuant to Criminal Procedure Law Section 220.60(3) which reads as follows: At any time before the imposition of sentence, the Court in its discretion may permit a defendant who has entered a plea of guilty to the entire indictment or to part of the indictment to withdraw such plea.  And in such event, the entire indictment as it existed at the time of such plea is restored  The defendant orally made such an application on or about July 18, two weeks ago.  The Court ordered a transcript of the plea minutes, which is marked Court's Exhibit 1 for the record, and has read and considered the plea transcript.  The Court has afforded the defendant and the People the opportunity to present evidence in this application to address to the Court's discretion.  It's the Court's position that the burden is on the defendant to convince the Court to exercise its discretion to permit him to withdraw his plea upon claim of innocence, which is one of his claims, and on the ground of undue pressure, which is another ground, and the third ground, ineffective assistance of prior counsel.  The defendant and his present attorney have testified and made statements under oath. The Court finds the statements, sworn statements, of attorney Goldin truthful.  The Court does observe that the defendant Aristelle Thomas is an interested witness in that he's interested in the outcome of this proceeding.  The Court has read the presentence investigation and report and is aware of the fact that the defendant has a prior felony conviction and that the defendant previously committed the act of attempted criminal possession of a weapon in the third degree which does shed some light on the fact that he might make statements to further his own interests and that he might well make those statements under oath.

The Court finds the plea transcript worthy of considerable reliance and acceptance. I am certainly not going to read it into the record because it's part of the record.  But the defendant was given the opportunity to consult with his lawyer and did so on several occasions, and the transcript reflects that.  The defendant told me under oath:  "Are you entering this plea of guilty freely and voluntarily?"  He answered yes.  He indicated that he knew of no physical, mental, or emotional illness which could prevent him from understanding these proceedings. He also said under oath that he understood that he was waiving any defenses, waiving his right to a jury trial, which was to begin on Monday, June 16th.  And on page 10 of this transcript he indicated that by pleading guilty he did admit that back on October 10, 2002 at about 12:35 a.m. at 6 Johnson Road in the town of Colonie, Albany County, with intent to cause serious physical injury to another person that he caused serious physical injury to Irving Bynum by means of a dangerous instrument, to wit: a razor-type instrument.  All promises were spread forth on the record in open court, and the defendant's attorney, the prosecutor, and the defendant acknowledged that.  And eventually the defendant was asked, "Understanding everything that I have said to you"-- on page 14, line 18 – "do you voluntarily and of your own free will wish to plead guilty to the

second count of this indictment, assault in the first in full satisfaction of the charges against you?" And the defendant answered yes.

Relative to the issue of pressure, the Court with almost 25 years on the bench acknowledges that a felony charge at any level puts any defendant under considerable pressure. That when discussions are had concerning a plea of guilty and incarceration for six-sevenths of the period of time in the range of 17 to 20 years, there's not a more significant decision that any human being could ever be called upon t o make. However, Mr. Goldin represented the defendant since around March of 2003. The trial for some weeks had been scheduled for June 16, 2003. The evidence at this hearing indicates that a plea offer in the range of 17 to 20 or 17 and a half to 20 had been on the table, so to speak, either on the table or off the table, from the outset and had previously been discussed with the defendant. And upon being assigned this case, essentially the only discussions that Mr. Goldin and the Court and Mr. Blanchfield had were 17 and a half, which divides nicely by seven and results in 15 years actually having to be served, and Mr. Goldin coming back and asking for 15 and Mr. Blanchfield checking with the alleged victim, and that offer was eventually conveyed. The defendant was facing a trial on June 16th, and it was clear that the People were going to contend that this was not a single transaction. That the People's contention was that after the victim was shot something around four times, that upon trying to re-enter the building that the assailant, who the defendant has now pled guilty to being him, switched from a gun to a knife and proceeded to carve up Irving Bynum's face so that the People were going to make the argument that consecutive sentences were authorized and should be imposed. That certainly added to the pressure. It's the Court's view, as I said, pressure is inherent in the criminal justice system. The defendant had a big decision to make. He did it facing a trial in 10 days. He did it after consulting a lawyer who saw him over the weekend before the 6th. And he came in and entered a plea of guilty under oath.

\* \* \* \*

Accordingly, based upon the transcript and based upon the evidence adduced this morning, this Court declines to exercise its discretion to allow the defendant who, in the face of a trial sought to plead guilty, in the face of a sentence seeks to withdraw that plea. The Court does not find any valid substantial legal reason even in the exercise of discretion to allow the defendant to enter -- to allow the defendant to withdraw his plea of guilty which put this matter to bed finally irrevocably, and that the Court holds and determines that the defendant's plea of guilty will stand

This Court's review of the transcript shows that the findings of the Albany Supreme Court as to the voluntariness of the plea, *i.e.*, free from coercion, are fully supported by the record. Thus, on the record before it, this Court cannot say that the decision of Appellate

Division affirming the Albany Supreme Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Lockyer–Williams*; *i.e*., the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Petitioner is not entitled to relief on his second ground.

   Ground 4:  Trial Court Withheld Exculpatory Evidence and Gave False Evidence.

   Petitioner contends that the trial court withheld exculpatory evidence and gave false evidence concerning the status of Petitioner's prior felony convictions.  In his Supplemental *Pro-Se* Brief filed in the Appellate Division, Petitioner claimed:

> The judge abused his discretion by ignoring the defendant's rap-sheet record, which stated, defendant only served seven months on an E felony back in 1996.  If the judge wou1d've considered the defendant's sentence in 96', which was'nt (*sic*) an (*sic*) excess of a year and a day he would've ruled that defendant was a first time offender.  The judge witheld (*sic*) exculpatory evidence from the defendant, and gave false testimony concerning the status of the defendant's prior felony conviction.  As said in the hearing and sentencing Transcripts on page 37.  **THE COURT  "AND BASED UPON THE DEFENDANT'S FAILURE TO COTROVERT** (*sic*) **THAT ALLEGATION AND MR. GOLDIN'S STATEMENT, THE COURT DOES FIND THAT THE DEFENDANT IS A SECOND FELONY OFFENDER."** Cite People V. Bryce 246 A.D.2d 75.

   As discussed with respect to Ground 2, above, the Appellate Division held that under New York law the fact Petitioner had served less than a year did not impact his status as a second felony offender.  Petitioner has failed to show that the trial court withheld any "exculpatory" evidence or gave any false evidence.  Petitioner is not entitled to relief on his fourth ground.

   Petitioner is not entitled to relief on any of the grounds raised in his petition.

   **IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks omitted)).  To the extent the issues raised in the petition were addressed by the Appellate Division, Third Department, in its decision on appeal, no reasonable jurist could find that the decision was "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated:  March 28, 2008.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge
